Designs by F.M.C., Inc. v Unique First Ltd. (2024 NY Slip Op 51213(U))

[*1]

Designs by F.M.C., Inc. v Unique First Ltd.

2024 NY Slip Op 51213(U)

Decided on September 5, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 5, 2024
Supreme Court, New York County

Designs by F.M.C., Inc., Plaintiff,

against
Unique First Ltd., ABC COMPANIES, and JOHN DOES, Defendants.
UNIQUE FIRST LTD., Plaintiff,
against
DESIGNS BY FMC, INC. D/B/A FASHION MARKETING CO. A/D/B/A SILVERSPECK.COM, WILLIAM NUSSEN, 1529-33 60TH STREET LLC, and BEYOND WORDS COLLECTION, LLC, Defendants.

Index No. 652129/2019

Attorneys for Third-Party Defendant:
Zvi Storch of STORCH LAW, P.C.
Attorneys for Third-Party Plaintiff:
Andreas E. Christou of WOODS LONERGAN PLLC

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 005) 124, 125, 126, 127, 128, 129, 130, 131, 132, 133 were read on this motion for ATTORNEY - RELIEVE.
The following e-filed documents, listed by NYSCEF document number (Motion 006) 141, 142, 143, 144, 145, 146, 147, 148 were read on this motion for ATTORNEY - WITHDRAW.
Motion sequence numbers 005 and 006 are consolidated for disposition herein.
In motion sequence number 005, law firm Storch Law, P.C. (Storch Law), counsel for plaintiff Designs by F.M.C., Inc. and third-party defendants Designs by F.M.C., Inc. d/b/a Fashion Marketing Co. a/d/b/a Silverspeck.com, William Nussen, 1529-33 60th Street LLC, and Beyond Words Collection, LLC, moves pursuant to CPLR 321 (b) (2) for an order granting leave to withdraw as counsel for the third-party defendant Beyond Words Collection, LLC (Beyond Words), and staying all proceedings in this action for forty-five days.
In motion sequence number 006, Storch Law moves pursuant to CPLR 321 (b) (2) for an order granting leave to withdraw as counsel for the plaintiff Designs by F.M.C., Inc. and third-party defendants Designs by F.M.C., Inc. d/b/a Fashion Marketing Co. a/d/b/a Silverspeck.com, William Nussen, and 1529-33 60th Street LLC (the Nussen parties) and staying all proceedings in this action for forty-five days.
Defendant/third-party plaintiff Unique First Ltd. (Unique First) opposes both motions to the extent they request a forty-five day stay. For the following reasons, the motions are both granted in part.
CPLR 321 (b) (2) provides:
"[a]n attorney of record may withdraw or be changed by order of the court in which the action is pending, upon motion on such notice to the client of the withdrawing attorney, to the attorneys of all other parties in the action or, if a party appears without an attorney, to the party, and to any other person, as the court may direct."
For withdrawal to be permitted, "[t]he attorney must demonstrate that good cause exists to end the relationship with the client, such as by showing an irretrievable breakdown in the relationship or a failure of cooperation by the client" (Matter of Cassini, 182 AD3d 13, 40 [2d Dept 2020]). "The decision to grant or deny permission for counsel to withdraw lies within the discretion of the trial court, and the court's decision should not be overturned absent a showing of an improvident exercise of discretion" (Applebaum v Einstein, 163 AD3d 905, 907 [2nd Dept 2018]).
Motion sequence number 005 — Beyond Words
In motion sequence number 005, Zvi Storch, Esq., principal of Storch Law, explains that his purported appearance for Beyond Words was "caused by mistake" (Storch affirmation in support of mot seq No. 005 ¶ 2).
After plaintiff Designs by F.M.C., Inc. commenced this action on April 10, 2019, defendant Unique First Ltd. (Unique First) filed a third-party summons and complaint on May 2, 2019, against the third-party defendants, including Beyond Words. Plaintiff's previous counsel, Justin H. Scheier, signed a stipulation purporting to waive any defense of improper service and [*2]accept service of the third-party complaint on behalf of all third-party defendants named by Unique First, including Beyond Words (see NYSCEF doc. Nos. 7, 8). Scheier then filed a third-party answer on behalf of all third-party defendants.
In October 2021, Storch Law filed with the court a consent to change attorney executed by Scheier, Storch Law, and third-party defendant Nussen, purportedly on behalf of all third-party defendants, consenting to the substitution of Storch Law for Scheier as attorney of record for all named third-party defendants (see NYSCEF doc. No. 40). Counselor Storch affirms that, at the time, he understood that Nussen owned Beyond Words, as he did the other third-party defendants, and was authorizing Storch Law to represent Beyond Words (see Storch affirmation in support of mot ¶10). Accordingly, in subsequent submissions to the court, Storch Law listed itself as the attorney for all third-party defendants, including Beyond Words.
In his affirmation, Storch affirms that he has learned recently, during a deposition of Nussen, that Nussen does not, and never did, own Beyond Words (see id. ¶ 13). Following the deposition, Storch confirmed with Nussen that he does not own Beyond Words. Nussen informed him that, in executing the consent letter, he did not notice the inclusion of Beyond Words among the parties. Storch also spoke with Scheier, who stated he was under the impression that Nussen owned Beyond Words. Storch represents that he does not know whether the company exists, who its principals are, or where it is located.
An attorney "has no power to appear for another, unless authorized so to do" and, without authority, "[h]is appearance, under such circumstances, is not the appearance or act of the party in any sense, but his own act, for the consequences of which he alone is responsible, the same as any other agent assuming to act for another without authority in any other matter" (Skyline Agency v Ambrose Coppotelli, 117 AD2d 135, 143 [2d Dept 1986]).
Here, Storch Law submits sufficient evidence, by way of attorney affirmation, to show that neither Scheier nor Storch Law had ever been engaged to represent Beyond Words, and, therefore, their purporting to appear for Beyond Words was without authority (see id.). Therefore, the court recognizes that Storch Law does not represent Beyond Words. Storch Law demonstrates sufficient cause to be relieved as counsel for Beyond Words.
Motion sequence number 006 — Nussen parties
Counselor Storch submits an affirmation dated August 8, 2024 in which he affirms, under penalty of perjury, that he and Storch Law seek to withdraw as counsel for the Nussen parties because Nussen, who owns the other Nussen parties, has informed him that "another attorney would take over the litigation in this matter" and that "he did not want undersigned to continue representing him in this matter" (Storch affirmation in support of mot seq. No. 006 ¶ 4). Further, Storch affirms that Nussen stated he "did not want to relay availability of deposition dates through undersigned" and that "a dispute arose about the timing of summary judgment motions and other strategy regarding this case" (id. ¶ 4, 6).
Here, Storch and Storch Law submit sufficient evidence, by way of attorney affirmation, to show that the Nussen parties do not intend to cooperate with Storch and Storch Law further regarding discovery obligations and further representation, and that the Nussen parties intend to appoint new counsel (see id.). A motion to withdraw as counsel may be granted on the grounds that the attorney-client relationship has irretrievably broken down (see Matter of Cassini).
Therefore, Storch Law's application to withdraw as counsel for the Nussen parties is granted.
Stay in the action
Further, CPLR 321 (c) provides that,
"[i]f an attorney . . . is removed . . . at any time before judgment, no further proceeding shall be taken in the action against the party for whom he appeared, without leave of the court, until thirty days after notice to appoint another attorney has been served upon that party either personally or in such manner as the court directs."
Defendant/third-party plaintiff Unique First opposes both motions to the extent they request a forty-five day stay in the action. It does not oppose an order granting Storch and Storch Law leave to withdraw from representing the Nussen parties (see Christou affirmation in support of mot seq No. 006). Counselor Christou asserts that plaintiff and its principal, Nussen, have "repeatedly attempted to delay this action and shirk their discovery responsibilities" and argues that their termination of Storch and Storch Law is merely a "tactic[] to delay the production of previously-agreed upon witnesses . . . for non-party depositions in the apparent hope of evading their obligation to produce these witnesses prior to the deadline set forth in the Court's so-ordered stipulation" (id. ¶¶ 7, 11). Christou asserts that "the only mandate under CPLR §321 is a 30-day stay, at most, and that is what Unique [First] believes should be the stay ordered, if any, in response to this motion" (id. ¶ 14). Unique First cites no authority in support other than CPLR 321.
As the statute mandates, the action shall be stayed for thirty days to permit the Nussen parties to obtain new counsel.
As to motion sequence number 005, Unique First argues that, if the action is stayed to permit Beyond Words to appoint new counsel, it should be stayed only as against Beyond Words. In light of the court's determination of motion sequence number 006, Unique First's opposition with respect to motion sequence number 005 is moot.
Accordingly, it is hereby
ORDERED that the motion sequence number 005 and 006 are both granted in part, and Zvi Storch and Storch Law, P.C. shall be relieved as counsel for plaintiff Designs by F.M.C., Inc. and third-party defendants Designs by F.M.C., Inc. d/b/a Fashion Marketing Co. a/d/b/a Silverspeck.com, William Nussen, 1529-33 60th Street LLC, and Beyond Words Collection, LLC upon filing of proof of compliance with the following conditions; and it is further
ORDERED that, within 10 days from entry, Storch Law, P.C. shall serve a copy of this order with notice of entry upon plaintiff Designs by F.M.C., Inc. and third-party defendants Designs by F.M.C., Inc. d/b/a Fashion Marketing Co. a/d/b/a Silverspeck.com, William Nussen, 1529-33 60th Street LLC, and Beyond Words Collection at their last known address by certified mail, return receipt requested, and upon counsel for defendant/third-party plaintiff Unique First Ltd. herein by posting to the New York State Courts Electronic Filing System; and it is further
ORDERED that, together with the copy of this order with notice of entry served upon the former clients, moving counsel shall forward a notice directing the former clients to appoint a substitute attorney within 30 days from the date of the mailing of the notice and the clients shall comply therewith; and it is further
ORDERED that any new attorneys retained by plaintiff Designs by F.M.C., Inc. and third-party defendants Designs by F.M.C., Inc. d/b/a Fashion Marketing Co. a/d/b/a Silverspeck.com, William Nussen, 1529-33 60th Street LLC, and Beyond Words Collection shall file a notice of appearance with the Clerk of the General Clerk's Office (60 Centre Street, Room 119) and the Clerk of Part 43 within 40 days from the date the notice to retain new [*3]counsel is mailed; and it is further
ORDERED that no further proceedings may be taken against plaintiff Designs by F.M.C., Inc. and third-party defendants Designs by F.M.C., Inc. d/b/a Fashion Marketing Co. a/d/b/a Silverspeck.com, William Nussen, 1529-33 60th Street LLC, and Beyond Words Collection without leave of this court for a period of 30 days after service on the former clients of the aforesaid notice to appoint a substitute attorney; and it is further
ORDERED that the departing attorney shall, within 10 days from entry, serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (Room 119); and it is further
ORDERED that such service upon the Clerk of the General Clerk's Office, the filing of a notice of appearance as provided herein, and the filing of papers as aforesaid shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address 
www.nycourts.gov/supctmanh)]; and it is further
ORDERED that the status conference in this action on October 8, 2024 is adjourned, and the parties shall appear for a status conference to be held via Microsoft TEAMS on October 24, 2024 at 11:30 a.m.
This constitutes the decision and order of the court.
DATE September 5, 2024
ROBERT R. REED, J.S.C.